## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO LUIS GAVILAN-CRUZ, | : | No. 3:24-CV-1945 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Pedro Luis Gavilan-Cruz initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations with respect to inadequate medical care.  The court will dismiss Gavilan-Cruz's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but will provide leave to amend.

## I.    BACKGROUND

Gavilan-Cruz lodged the instant lawsuit in November 2024.  (See generally Doc. 1).  His filing is labeled as a "memorandum of law in support of Plaintiff's motion for a temporary restraining order and preliminary injunction," (see id. at 1), although no actual motion was included in the filing.  Additionally, in a supporting

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See* Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

declaration, he refers to a "complaint," (see Doc. 1-1 ¶ 2), yet no formal complaint was received by the court. It thus appears that Gavilan-Cruz may have inadvertently failed to submit several important documents when he attempted to file his case. The court will construe plaintiff's filing as a complaint and refer to it as same throughout.

Nevertheless, the gravamen of his filing is clear. He alleges an Eighth Amendment violation sounding in deliberate indifference to serious medical needs. (See generally Doc. 1; Doc. 1-1). In his memorandum, Gavilan-Cruz asserts that he suffers from urinary retention as well as bladder, kidney, and penis pain. (Doc. 1 at 1). He alleges that unspecified "defendants" denied his requests for medical treatment with an outside physician or hospital. (Id.) He further contends that the current treatment being offered by prison medical staff is inadequate and fails to provide relief for his serious urological issues. (See Doc. 1-1 ¶¶ 6-9).

Gavilan-Cruz lists a single defendant in his caption: Pennsylvania Department of Corrections (DOC). (Id.) It is possible that Gavilan-Cruz intends to sue other prison officials, (see Doc. 1-1 ¶¶ 3, 11-13), but none are listed in the caption or specifically identified as defendants. He appears to primarily seek injunctive relief in the form of additional outside medical care. (See id. ¶ 15).

Because Gavilan-Cruz's documents—as filed—fail to state a claim upon which relief may be granted, the court will dismiss his complaint.

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees.  See 28 U.S.C. § 1915A(a).  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"  Id. § 1915A(b)(1).  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a pro se prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  See Phillips v.

Cnty. of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

4

Because Gavilan-Cruz proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Gavilan-Cruz, is incarcerated.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.    DISCUSSION

Gavilan-Cruz is asserting an Eighth Amendment claim of deliberate indifference to serious medical needs.  His Section 1983 action is deficient for several reasons.  The court will address these pleading deficiencies in turn.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context).  Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and

5

acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Gavilan-Cruz's first and primary deficiency is that he fails to plead personal involvement by any defendant for the purported constitutional violation. At several points he alleges that unspecified "defendants" were responsible for deficient medical care, but this type of general allegation is insufficient to plead personal involvement. Again, this shortcoming may be an unintended consequence of Gavilan-Cruz failing to file the actual complaint with the court. Nevertheless, the court must dismiss the Section 1983 claims pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

## B.    "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (emphasis added) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983, and entities such as prisons, agencies, and private businesses do not qualify as "persons." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989); Slagle v. Cnty. of Clarion, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that the district court properly "dismissed Clarion County Jail as a defendant in this case," quoting the district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); Stankowski v. Farley, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); see also Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under

7

Section 1983); Ali v. Ann Klein Forensic Ctr., No. 21-CV-316, 2022 WL 138084, at *3 (D.N.J. Jan. 14, 2022) (finding that state hospital "is not a 'person' within the meaning of § 1983").

Gavilan-Cruz attempts to sue the Pennsylvania DOC.  (See Doc. 1 at 1). This entity is not a "person" within the meaning of Section 1983 and therefore Gavilan-Cruz has failed to assert a viable constitutional tort claim against it. Additionally, any Section 1983 claim against this state agency is barred by Eleventh Amendment sovereign immunity regardless of the nature of relief sought.  See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) (noting that state probation and parole departments—as subunits of the state—are entitled to Eleventh Amendment immunity); 42 PA. CONS. STAT. § 8521(b) (withholding consent to be sued).  Accordingly, the only named Defendant[2] in this case must be dismissed pursuant to Section 1915A(b)(1).

## C.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless

---

[2] For reasons unknown, counsel for Wellpath LLC entered their appearance in this matter. (See Docs. 9, 11).  However, no defendant has been served by the court in this case.  It is possible that Gavilan-Cruz provided Wellpath with a copy of the lawsuit or motion for preliminary injunctive relief.  In any event, there is no proof of service or proof of waiver of service filed on the docket as to Wellpath, so the court will terminate Wellpath LLC as a defendant at this time.

amendment would be inequitable or futile." Grayson, 293 F.3d at 114. The court will grant Gavilan-Cruz leave to amend. However, he may not reassert his claim against the Pennsylvania Department of Corrections, as such claims are not against a "person" under Section 1983 and are also barred by Eleventh Amendment sovereign immunity. The court further admonishes Gavilan-Cruz that, should he name Wellpath LLC (or its employees) as a defendant, this case would immediately be subject to the bankruptcy stay imposed by United States Bankruptcy Court for the Southern District of Texas. (See Doc. 10; Doc. 10-2).

If Gavilan-Cruz chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his Eighth Amendment medical indifference claim(s) in short, concise, and plain statements, and in sequentially numbered paragraphs. Gavilan-Cruz must address the pleading deficiencies identified in this Memorandum. In particular, he must name appropriate defendants and must specify the offending action (or inaction) by those defendants, thereby establishing defendants' personal involvement in the alleged unconstitutional conduct.

Gavilan-Cruz must also sign the amended complaint and indicate the nature of the relief sought. He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2). If Gavilan-

Cruz does not timely file an amended complaint, dismissal of any claims without prejudice will automatically convert to dismissal with prejudice and the court will close this case.

## IV.    CONCLUSION

Based on the foregoing, the court will dismiss Gavilan-Cruz's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Leave to amend will be granted.  An appropriate Order follows.

Date: 2/19/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

10